UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

MICHAEL SCHUSTER,

Defendant.

17-cr-016 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Defendant Michael P. Schuster ("Defendant" or "Schuster ") petitions the Court pursuant to 18 U.S.C. § 3583(e)(1) for an early termination of his supervised release. The Government opposes the application on the basis Defendant movant has failed to meet the requisite standard warranting the relief requested. For the following reasons, the application is DENIED.

Defendant, a former doctor, was convicted on January 16, 2014, in the U.S. District Court for the District of Kansas, of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, a Class C Felony. On April 9, 2014, the Hon. Julie A. Robinson sentenced Defendant to a term of sixty (60) months incarceration and three (3) years of post incarceration supervised release. On January 6, 2017, following the completion of his term of incarceration and during the pendency of his term of supervised, Defendant's supervision was transferred to U.S. District Court, S.D.N.Y. Defendant now petitions the court for early termination of his supervised release.

Defendant asserts his good behavior during his period of incarceration and supervised release warrants strong consideration. While in custody, Defendant participated in and completed a residential drug treatment program, an anger management program, a horticulture program, parenting course and committed no disciplinary infractions. While on supervised release, he has

Copies mailed/faxed 7/5/2018
Chambers of Nelson S. Román, U.S.D.J.

remained civically active as a volunteer with several not-for profits, including the National Language Service Corp., the Jewish Family Service and the Middletown Fire Company. Defendant additionally asserts that he poses no risk of harm to the community.

Since his release from incarceration, Defendant was been working "on the family farm" and is engaged in several writing projects. It is Defendant's goal to return to the medical profession, sooner rather than later, which he is unable to do while on supervised release. Lastly, Defendant informs that several of his family members, including his wife, suffer from health ailments which requires him to not only care for them but also assist with their travel. Being on supervised release limits his ability to provide assistance.

The Government opposes the application. While acknowledging that Defendant has been compliant with conditions of his supervised release, they assert mere good behavior does not merit the granting of such an extreme relief. They further assert that the Defendant has not demonstrated that his behavior is "exceptionally good...such that the imposed conditions of supervision are too harsh or inappropriately tailored to serve the general punishment goals" of sentencing.

## LEGAL STANDARD

Supervised release involves a term of community supervision, following a period of incarceration, with a set of conditions tailored to serve the general goals of sentencing including punishment and rehabilitation. See 18 U.S.C. § 3624(e). Supervised release serves to ease the defendant's transition into the community after the service of a term of incarceration, and is "rehabilitative," such that it attempts to provide services when appropriate. See *United States v. Johnson*, 529 U.S. 53, 59 (2000). Non-compliance with the terms of supervised release may lead to re-incarceration. See 18 U.S.C. § 3583(e)(3).

Modifications or revocation of a term of supervised release is governed by 18 U.S.C. § 3583(e). The granting of such a request is an extraordinary remedy. See *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). When reviewing a defendant's petition for early termination of supervised release, the court is required to first consider "the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)( C ), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. §3583(e). Such factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Lussier*, 104 F.3d at 35. After due consideration of all relevant statutory factors, such determination is within the sound discretion of the court. *United States v. Bastien*, 111 F. Supp. 3d 315, 323 (E.D.N.Y. 2015).

A court may terminate a term of supervised release if satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). Early termination of supervised release has been deemed appropriate to "account for new or unforeseen circumstances" not contemplated at time of sentencing. See *Lussier*, 104 F.3d at 36; *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 18, 2000); *United States v. Monteperto*, No. 01 Cr. 56, 2007 WL 914545, at *1 (E.D.N.Y. Mar. 22, 2007) (internal citation omitted). A mere inconvenience does not rise to the level of new or unforeseen circumstances that would warrant early termination. *See United States v. Black*, No. 10 Cr. 303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013). Moreover, utter compliance with the terms of supervised release does not constitute "extraordinary circumstance" but what is expected of a formerly incarcerated individual who required carefully tailed conditions and services to reduce the risk of and recurrence of future crime. See, *Bastien*, 111 F. Supp. 3d at 321; *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005). "Full compliance

with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. See *Weintraub*, 371 F. Supp. 2d at 167.

**DISCUSSION**

Here, Defendant's petition fails. Prior to the instant motion, Defendant moved for similar relief, early termination of supervision, on the same grounds. To date, there has been no change in circumstances since his first application. While the Court applauds Defendant's efforts, the facts and circumstances do not warrant the granting of such exceptional relief. Full compliance with the terms of supervise release is what is expected. Defendant's basis for seeking a shortened term of supervision amounts to nothing less than mere inconveniences. Moreover, Defendant has not demonstrated that the relief requested should be granted in the interest of justice, nor has he presented relevant "new or unforeseen circumstances" not contemplated at time of sentencing.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to terminate supervised release is DENIED. The clerk of the Court is respectfully requested to terminate the motion at ECF No. 8. This constitutes the Court's Opinion and Order.

Dated: July 5, 2018
White Plains, New York

SO ORDERED:

_____
JUDGE NELSON S. ROMÁN
U.S. DISTRICT COURT, S.D.N.Y.