UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MICHAEL SCHUSTER,

                Defendant.

17-cr-016 (NSR)
ORDER AND OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/2018

NELSON S. ROMÁN, United States District Judge:

By letter dated, July 11, 2018, Defendant Michael P. Schuster ("Defendant" or "Schuster") seeks to "appeal" this Court's Order and Opinion, dated July 5, 2018, denying his petition for early termination of court imposed supervised release following his conviction and sentence for conspiracy to distribute narcotics. Defendant's application will be construed as a motion for reconsideration. For the foregoing reasons, the application is DENIED.

BACKGROUND

Defendant, a former doctor, was convicted on January 16, 2014, in the U.S. District Court for the District of Kansas, of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, a Class C Felony. On April 9, 2014, the Hon. Julie A. Robinson sentenced Defendant to a term of sixty (60) months incarceration and three (3) years of post incarceration supervised release. On January 6, 2017, following the completion of his term of incarceration and during the pendency of his term of supervised, Defendant's supervision was transferred to U.S. District Court, S.D.N.Y.

By letter dated October 3, 2017, Defendant requested early termination of his supervised release. (ECF No. 3.) In support of his application, Defendant asserted "[a]ll restitution and fines have been paid," during his period of incarceration "there were no infractions" and he completed

Copies mailed/faxed 7/26/2018
Chambers of Nelson S. Román, U.S.D.J.

several programs, post release he complied with all conditions of his supervision, has been involved in community volunteer positions and "has been working on the family farm." Defendant also indicated he was seeking to return to the medical profession. The Government opposed the application on the basis Defendant's mere compliance with the conditions of his supervise release did not rise "to the level of "'exceptionally good behavior.'" (ECF No. 4.) The Court denied Defendant's application due to movant's failure to provide "a basis for the granting of such extraordinary relief."(ECF No. 5.)

By letter, dated October 11, 2017, Defendant sought reconsideration of this Court's denial of Defendant's application (ECF No. 6.) Defendant once again asserted that he has been compliant with the conditions of his supervised release, "that he has been working on the family farm since the time of his release," and that continued supervision posed an impediment to his return to the medical profession. In a memo endorsement, dated October 18, 2017, the Court adhered to its prior determination. (ECF No. 7.)

By letter dated, June 22, 2018, Defendant once again sought early termination from supervision. (ECF No. 8) While in custody, Defendant participated in and completed a residential drug treatment program, an anger management program, a horticulture program, parenting course and committed no disciplinary infractions. Defendant asserted he complied with the terms of his supervision, has not been cited for any infraction, has been active as a volunteer in the community, has suffered some financial loss on his farms, located in South America, due to his inability to remain on the premises for extended periods, and is overly burdened tending to his elderly mother and ailing wife. Lastly, Defendant stated that in April 2017 he was deemed disabled, which prevented him from seeking meaningful employment. By Opinion and Order ("Order"), dated July 5, 2018, this Court denied Defendant's application.(ECF No. 9.).

By letter, dated July 11, 2018, seeks to "appeal" this Court's Order predominantly on the

basis the Court misstated the facts. (ECF No. 10.) Defendant asserts that he is "not working 'on the small family farm,'" is permanently disabled and unable to work or return to the medical profession, his volunteer work has been misrepresented and is more that being "civilly active," his travel restrictions pose more than a mere inconvenience, he no longer poses a risk to the community, and the subsequent disability of his wife could not have been anticipated at the time of his sentence.

## LEGAL STANDARD

Motions for reconsideration are governed by Local Criminal Rule 49. Rule 49.1(d) provides, in relevant part, that a motion for reconsideration or reargument must be filed and served within fourteen (14) days of the Court's opinion and order which movant seeks review of, and said application mus be accompanied by a memorandum setting forth concisely the matters or controlling decisions which the Court purportedly "overlooked."Generally, a motion for reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked which would reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) citing *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990); see also *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988). A motion for reconsideration may not be used as a means to relitigate issues already decided by the Court, but rather must demonstrate that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Cordero v. Astrue*, 574 F.Supp.2d 373, 379–80 (S.D.N.Y.2008) quoting *Virgin Atl. Airways. Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)

(citation and internal quotation marks omitted).

Supervised release involves a term of community supervision, following a period of incarceration, with a set of conditions tailored to serve the general goals of sentencing including punishment and rehabilitation. See 18 U.S.C. § 3624(e). Supervised release serves to ease the defendant's transition into the community after the service of a term of incarceration, and is "rehabilitative," such that it attempts to provide services when appropriate. See *United States v. Johnson*, 529 U.S. 53, 59 (2000). Non-compliance with the terms of supervised release may lead to re-incarceration. See 18 U.S.C. § 3583(e)(3).

Modifications or revocation of a term of supervised release is governed by 18 U.S.C. § 3583(e). The granting of such a request is an extraordinary remedy. See *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). When reviewing a defendant's petition for early termination of supervised release, the court is required to first consider "the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)( C ), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. §3583(e). Such factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Lussier*, 104 F.3d at 35. After due consideration of all relevant statutory factors, such determination is within the sound discretion of the court. *United States v. Bastien*, 111 F. Supp. 3d 315, 323 (E.D.N.Y. 2015).

A court may terminate a term of supervised release if satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). Early termination of supervised release has been deemed appropriate to "account for new or unforeseen circumstances" not contemplated at time of sentencing. See *Lussier,* 104 F.3d at 36; *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 18, 2000); *United States v. Monteperto,* No. 01 Cr. 56, 2007 WL 914545, at *1 (E.D.N.Y. Mar. 22, 2007) (internal

citation omitted). A mere inconvenience does not rise to the level of new or unforeseen circumstances that would warrant early termination. *See United States v. Black,* No. 10 Cr. 303–A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013). Moreover, utter compliance with the terms of supervised release does not constitute "extraordinary circumstance" but what is expected of a formerly incarcerated individual who required carefully tailed conditions and services to reduce the risk of and recurrence of future crime. See, *Bastien,* 111 F. Supp. 3d at 321; *United States v. Weintraub,* 371 F. Supp. 2d 164, 167 (D. Conn. 2005). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release. See *Weintraub,* 371 F. Supp. 2d at 167.

## DISCUSSION

Defendant's motion for reconsideration must be denied. Defendant's motion is merely an attempt to relitigate issues already decided by the Court. Defendant has not cited to any relevant case law or controlling principle of law which the Court has overlooked, nor pointed to relevant facts which the Court failed to consider and misapplied. While the Court is aware that there appears to be factual contradictions in the record, said contradictions are based upon Defendant's own assertions in support of his application(s). Accordingly, the motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. The clerk of the Court is respectfully requested to terminate the motion at ECF No. 10.

Upon review of all the moving papers and the Opinion and Order, the Court determines that Defendant has not made " a substantial showing of the denial of a constitutional right," such that a certificate of appealability will not be issued. 28 U.S.C. § 2253; see *Lucidore v. N.Y.S. Div. of Parole,* 209 F.3d 107, 111-12 (2d Cir. 2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)) (" a 'substantial showing' does not compel a petitioner to demonstrate that

he would prevail on the merits, but merely that the issues involved in his case 'are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'"); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, see *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (" We consider a defendant' s good faith . . . demonstrated when he seeks appellate review of any issue not frivolous." ); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322-23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith). Defendant may still avail himself of the procedures for seeking a certificate from the court of appeals. See 28 U.S.C. §§ 2254 & 2255 (Rule 11); see, e.g., *United States v. Whitman*, 153 F. Supp. 3d 658, 659 (S.D.N.Y. 2015).

This constitutes the Court's Opinion and Order.

Dated: July 26, 2018
White Plains, New York

SO ORDERED:

JUDGE NELSON S. ROMÁN
U.S. DISTRICT COURT, S.D.N.Y.